UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWAYNE A. WINANS                                CIVIL ACTION

VERSUS                                          NUMBER: 17-4725

ST. TAMMANY CORRECTIONAL                        SECTION: "I"(5)
CENTER, ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Dwayne A. Winans, against Defendants, the "St. Tammany Correctional Center," Warden Greg Longino of the St. Tammany Parish Jail ("STPJ"), "St. Tammany Medical," and, ostensibly, an unidentified deputy(ies) and nurse employed at STPJ, as well as St. Tammany Parish itself.[1]

Plaintiff Winans is an inmate of the Nelson Coleman Correctional Center in Killona, Louisiana, who was apparently previously confined at STPJ while awaiting trial in the proceeding entitled *United States v. Winans*, No. 16-CR-175 "G"(2) on the docket of this Court. Although the instructions on the §1983 form that he submitted specifically directed Winans to "[s]tate here as briefly as possible the facts of your case" and to "[d]escribe how each defendant is involved" (rec. doc. 1, p. 5), Plaintiff provided no facts or description of the

---

[1] In the original §1983 complaint form that he tendered to the Clerk's Office for filing, Plaintiff identified the St. Tammany Correctional Center, Warden "Lagino," and St. "Tammy" Medical as the Defendants to this lawsuit in the caption of his complaint. (Rec. doc. 1, p. 1). However, he failed to identify any entities or individuals as Defendants on the fourth page of his complaint, despite the specific instructions on the standardized §1983 complaint form that he do so. (*Id.* at p. 4). It was that and other omissions that prompted the Clerk's Office to send Winans a deficiency notice requesting that he complete and return the fourth page of his complaint consistent with what he had set forth in the caption of his complaint. (Rec. doc. 3, pp. 4, 7). In response, Winans completed and returned page four in which he included a deputy or deputies, a nurse, and St. Tammany Parish as additional Defendants. (Rec. doc. 4, p. 2). Plaintiff's two submissions have since been merged into a single document. (Rec. doc. 8). This Report and Recommendation will address any potential §1983 claims against all of the named Defendants.

Defendants' involvement whatsoever.[2/] Instead, Plaintiff simply attached to his original submission a portion of a Disciplinary Report ("DR") signed by one Deputy Pellegrin ("Pellegrin") that described an incident that occurred in the late night hours of December 16, 2016, presumably at STPJ. (Rec. doc. 8, p. 7). According to the narrative portion of the DR, on the noted date Pellegrin was making his rounds on the A700 pod when he was advised that an aggressive inmate was being transported to the pod who would need a cell to himself. Corporal Vrettos ("Vrettos") was called in to assist and it was decided that Winans would be moved from the cell where he was housed to another cell that was occupied by John Oertling ("Oertling"). After escorting Winans to his new cell without incident and while awaiting the arrival of the aggressive inmate, Winans and Oertling commenced a fistic encounter, ignoring Vrettos' commands that they desist while Pellegrin radioed for back-up. Vrettos then deployed a chemical agent on both of the combatants who nonetheless continued to fight. Three other responding deputies subsequently arrived on the scene, entered the cell, and separated and secured the two inmates. Medical staff was summoned and they evaluated Winans and Oertling, who were thereafter returned to separate cells. (*Id.*).

As noted earlier, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 7). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis of law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned

---

[2/] Plaintiff also failed to set forth a prayer for relief despite being prompted to do so. (Rec. doc. 8, p. 5).

Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The Court will first address Plaintiff's potential §1983 claims against two of the Defendants named in the caption of his complaint, the St. Tammany Correctional Center and "St. Tammany Medical." As to those two Defendants, the law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). Correctional facilities like the St. Tammany Correctional Center (*i.e.*, STPJ) are not considered to be "persons" within the meaning of §1983 as it is a building and not an entity or person capable of being sued. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (5th Cir. 1998). In a similar vein, departments of prison facilities like "St. Tammany Medical" are not considered to be "persons" under §1983. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Jacobson v. Gusman*, No. 09-CV-3695, 2009 WL 2870171 at *2 (E.D. La. Aug. 10, 2009), *adopted*, 2009 WL 2957961 (E.D. La. Aug. 26, 2009). In light of these authorities, it will be recommended that Plaintiff's claims against the St. Tammany Correctional Center and "St. Tammany Medical" be dismissed with prejudice pursuant to §1915(e)(2)(B)(i) and (ii).

The Court next turns to any potential §1983 claims against the individual Defendants, Warden Longino, one or more of the correctional officials identified in the DR, and an

unidentified nurse who was presumably part of the medical staff that evaluated Winans after the New Year's Eve incident. Plaintiff having failed to set forth in his complaint a short and plain statement of his claims as required by Rule 8(a)(2), Fed. R. Civ. P., he has also failed to provide an indication of the capacity(ies) in which the individual Defendants are being sued. In that regard, "[w]hen a pro se plaintiff does not specify in his complaint whether a defendant is named in his or her official or individual capacity, it is generally presumed by operation of law that the defendant is named in his or her official capacity." *Douglas v. Gusman*, 567 F.Supp. 2d 877, 888-89 (E.D. La. 2008). "'In a suit brought against a municipal official in his [or her] official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury.'" *Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff ". . . must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).

Measured against the foregoing standards, Plaintiff's allegations against the individual Defendants in their official capacity fail to state a claim upon which relief can be granted as he does not allege that the purported deprivation resulted from a policy or custom, much less identify any such policy or custom. *Carter*, 2009 WL 3231826 at *2. Construing Plaintiff's allegations as having been made against the individual Defendants in their individual capacity, Winans fares no better. Although Plaintiff names the Warden and

4

other correctional officials as Defendants to this suit, he presents no factual allegations whatsoever that specifically illustrate how each of those Defendants allegedly violated his constitutional rights, a necessary requirement in a civil rights cause of action. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). "To state a cause of action under §1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(emphasis added)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Moreover, supervisory officials like the Warden cannot be held liable for civil rights violations allegedly committed by their associates based on a theory of strict or vicarious liability. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985). Plaintiff's reliance on the DR alone fails to provide the required level of illumination describing precisely how the individual Defendants allegedly violated his constitutional rights. As such, his §1983 claims against those Defendants should also be dismissed with prejudice under §1915(e)(2)(B)(i) and (ii).

That leaves before the Court only Plaintiff's potential §1983 claim against St. Tammany Parish. As a local governing body, that entity is a "person" within the meaning of §1983 and is therefore subject to suit under that statute. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38 (1978). However, just like the official-capacity claims against the individual Defendants, a governmental body like St. Tammany Parish may be held liable under §1983 only where the execution of a unconstitutional policy or custom proximately causes a plaintiff's injuries. *Id.* As Plaintiff has identified no such policy or custom, any §1983 claim against St. Tammany Parish should be dismissed as frivolous and for failure to state a claim under §1915(e)(2)(B)(i) and (ii). *Authement v. Parish of*

*Terrebonne*, No. 09-CV-4618, 2010 WL 1930943 at *6 (E.D. La. Mar. 19, 2010), *adopted*, 2010 WL 1930938 (E.D. La. May 10, 2010).

The foregoing notwithstanding, Plaintiff's reliance on the DR alone rather than pleading allegations of fact coupled with a colorable theory(ies) of liability leaves the Court in the position of determining whether any valid civil rights causes of action are apparent based upon a review of the DR. Having done so, no arguable failure-to-protect claims is apparent as the narrative in the DR contains no facts demonstrating an awareness on the part of prison officials of a substantial risk of serious harm to Plaintiff. *Parker v. Currie*, 359 Fed.Appx. 488, 490 (5th Cir. 2010); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Viewed through an excessive-force-claim prism, the actions of the correctional officials as described in the DR point only to a good-faith effort to maintain and restore discipline, rather than a use of force that was applied maliciously or sadistically to cause harm. *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010)(quoting *Hudson v. McMillan*, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992)). Finally, as the DR indicates that Plaintiff was duly tended to by medical personnel following the incident in question, any potential deliberate-indifference claim would address the nature of the treatment that he received and not the lack thereof and thus would fail to rise to the level of a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).3/

    New Orleans, Louisiana, this 18th day of August, 2017.

                                  MICHAEL B. NORTH
                            UNITED STATES MAGISTRATE JUDGE

---

3/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.